(3 Misc. Rep. 561.)

## WITZEL v. THIRD AVE. R. CO.

(City Court of New York, General Term.   May 9, 1893.)

STREET RAILROADS—COLLISION WITH VEHICLES.
> A person who has driven a heavily loaded team so that the horses are on the track of a street railway, before seeing an approaching car 60 or 80 feet distant, has the right to cross before the car, which must be stopped if necessary to avoid collision.

Appeal from trial term.

Action by Conrad Witzel against the Third Avenue Railroad Company.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

Argued before NEWBURGER and FITZSIMONS, JJ.

Hoadley, Lauterbach & Johnson, for appellant.

Forster, Hotaling & Klenke, for respondent.

FITZSIMONS, J.   The plaintiff, at the time he was injured, was the driver of a beer wagon.   The team of horses were fairly heavy horses, weighing about 1,300 pounds each.   The wagon and its contents weighed over two tons.   Therefore, it is a self-evident fact that because of their own weight and the weight of the wagon and contents the horses were not capable of good speed.   The plaintiff was serving a customer on the westerly side of Third avenue and Seventy-Eighth street.   After doing so, he drove across Third avenue, having previously looked up and down for cars, and saw none.   He crossed safely the south-bound track, and his horses had crossed to the north-bound track, and were upon the same, when upon looking southward he saw a car coming up, and distant about 60 or 80 feet away.   He signaled to its driver, who apparently would not or did not see him, whipped up his horses, and had crossed said north-bound track except the extreme rear part of his wagon, when his rear wheels were struck by the car.   He was thrown out, and severely injured.   The jury rendered a verdict in his favor for $500.   The testimony shows that plaintiff's horses were actually upon the north-bound track when defendant's car was 60 or 80 feet away to the southward.   The plaintiff was not bound to wait until defendant's car passed him.   If as a prudent, careful driver he deemed it safe to cross the track in question, he had a right to do so.   The car companies have not exclusive right to the public highways along which their tracks run.   They are, through their drivers, required to exercise ordinary care and diligence in the management of their cars.   The question whether or not the plaintiff exercised his right to cross defendant's tracks in a careful or careless manner was a question for the jury to determine.   They evidently believed that he was not careless, and the testimony is more than sufficient to justify that finding.   Concerning defendant's negligence, that is also clearly established; for

the testimony shows that the plaintiff's horses were actually upon the north track when defendant's car was quite a long distance away. He, under such circumstances, had a right to go ahead, and it became defendant's duty to stop its car until plaintiff had passed over its said tracks. Its failure to stop its car was negligence, unless it was impossible to do so. The question whether or not defendant was negligent was also submitted to the jury, who determined it affirmatively, and that conclusion is also justified by the evidence herein. The judgment rendered was certainly a reasonable one in amount. Finding no error, judgment is affirmed, with costs.

NEWBURGER, J.   I concur in the result.